(No. 13386.—Decree affirmed.)

SALLIE G. OWENS *vs.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA *et al.* Defendants in Error.—(HARRY ANTHONY, Admr. *et al.* Plaintiffs in Error.)

*Opinion filed April 21, 1921.*

1. APPEALS AND ERRORS—*when assignments of error cannot be considered by Supreme Court.* Assignments of error as to matters occurring on the trial in a chancery case cannot be considered by the Supreme Court where there is no certificate of evidence in the record.

2. PRACTICE—*argument in brief should not contain intemperate language.* The argument contained in a brief filed in the Supreme Court will be stricken if it contains disrespectful and intemperate language.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. JAMES C. McBRIDE, Judge, presiding.

SALLIE G. OWENS, *pro se.*

E. B. VANDERVORT, for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Sallie G. Owens, in her own proper person and on her own behalf, filed a bill in the circuit court of Marion county which she styled and characterized "a bill to set aside a deed and for other relief." The bill was filed against the Prudential Insurance Company of America, the Commonwealth Trust Company, the Guardian Trust Company and the American Trust Company. The Commonwealth Trust Company answered and filed a cross-bill seek-

297–30

ing affirmative relief. The other defendants were defaulted. The circuit court dismissed the original bill of Sallie G. Owens and granted the relief prayed in the cross-bill. She sued out this writ of error *pro se* and subsequently thereto died. Her death has been suggested on the record, and Harry Anthony, administrator of her estate, and Cora Owens Hume, have been by order of this court substituted as plaintiffs in error.

It is extremely difficult to determine from a reading of the bill what issues are sought to be raised and what relief is sought. The decree is not abstracted, but from an examination of it as it appears in the record the following situation seems to exist: Sallie G. Owens and her sister, Cora Owens Hume, of Louisville, Kentucky, in 1910 executed to the Prudential Insurance Company of America a mortgage on certain farm land in Marion county, Illinois, owned by them as tenants in common, to secure a loan, due in five years, in the sum of $9000. Said mortgage was for default in its conditions foreclosed in 1911 and a decree of sale ordered. Sallie G. Owens sought a renewal of the mortgage, which was denied. It appears that by arrangement with the Commonwealth Trust Company defendant in error W. G. Hume, a son of Cora Owens Hume, was allowed to buy in the property at the foreclosure sale for the debt, interest and costs. Under this arrangement Hume hypothecated the master's certificate of sale with said trust company as security for the amount of the purchase price, and not having paid said amount nor the interest thereon the master's certificate was sold to meet the amount loaned to Hume. Thereafter, in 1913, Sallie G. Owens filed her bill declaring that the pretended foreclosure was a fraud upon her rights and asking that she be allowed to redeem, and it was thereupon decreed that she be allowed to redeem within a period of four months from February 25, 1914, upon the payment of the amount involved. It also appears that she appealed from this de-

cree to the Appellate Court, where the decree of the circuit court was affirmed. A petition for writ of *certiorari* was filed in this court and denied. Sallie G. Owens did not redeem as provided in said decree, and matters appear to have stood in this situation until the third day of April, 1916, when the master in chancery of Marion county executed to the Guardian Trust Company, assignee of Hume, who was the original holder of the certificate of sale under the foreclosure decree of 1911, a deed to the real estate, notice of which was served on Sallie G. Owens, and she was thereby notified to quit and deliver up possession of the property. On May 22, 1916, Sallie G. Owens filed another bill of complaint in the circuit court of Marion county, making the same parties defendants and setting forth the same complaint as contained in her bill filed in 1914. This latter bill was demurred to and the demurrer sustained and bill dismissed. She prayed an appeal but it was not perfected. The bill in the present case was filed in March, 1917, and contains substantially the same averments and prays the same relief as her bills of 1914 and 1916. This appears to be the third time that substantially the same bill has been filed. The only relief prayed for appears to have been granted in 1914 by giving her the right to redeem within four months. This she failed to do. The cross-bill filed by the Commonwealth Trust Company prayed that she be enjoined from any interference with the possession of the cross-complainant or from attempting to cloud its title to the premises. By the decree entered in this cause the original bill of Sallie G. Owens was dismissed for want of equity and the relief prayed for in the cross-bill was granted, and she was enjoined from entering upon the premises or in any way attempting to cloud the title of the cross-complainant.

Numerous errors are assigned, the majority of which go to errors occurring on the trial. There is no certificate of evidence in the record, and assignments of error of

that character cannot be considered. Sallie G. Owens filed a statement, brief and argument. The argument contained in the brief, by reason of the disrespectful and intemperate language employed therein, is such as cannot be considered by this court, and pages from 22 to 33, inclusive, of her brief and argument will therefore be stricken.

From an examination of the record, so far as we are able to understand it, there appears to be no error of which plaintiffs in error can complain. Sallie G. Owens appears to have been leniently treated by the decree entered on February 25, 1914, by which she was allowed, nearly three years subsequent to the foreclosure sale, to redeem from the sale within a period of four months. She did not do so and her rights in the premises became foreclosed at the end of four months. It also appears from the decree that in November, 1913, before the decree entered on the 25th of February, 1914, the Commonwealth Trust Company offered to receive and accept from Sallie G. Owens the money due under the certificate of sale of said premises.

The abstract herein contains scarcely any matters beyond the bill and notation of the orders of the court, and while under the rules of this court we would be justified in not considering this cause at all, the preparation and presentation of the case here appear to have been by one unfamiliar with the rules of practice, and as we are not advised why the complainant filed and prepared this cause without the assistance of counsel, we have endeavored to give to it such consideration as the information contained in the record makes possible.

It is evident from this record, as we understand it, that Sallie G. Owens' rights were not violated but that unusual opportunity was afforded her to redeem from this mortgage, which she admitted was duly executed and which was later defaulted. The decree of the circuit court will therefore be affirmed.      *Decree affirmed.*